UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY DUROSS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, et al.,<br><br>Defendants. | No. 2:15-cv-1872-GEB-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a "motion for oral argument."

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3 relief." *Id.* § 1915A(b).
4      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
6 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Screening Order

25      The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the
26 allegations are too vague and conclusory to state a cognizable claim for relief. The complaint
27 names defendants California State Prison, Governor Brown, and Controller John Chiang and the
28 allegations consist of the following:

> Defendant's Counsel and Defendant's have excluded me from getting credits under Penal Code section 2900.5(a) as such in Violating Constitutional 14th Amendment equal Rights Clauses. Defendant's Attorney General Filed a Demurrer to Complaint and failed to appear as ordered by Superior Court, The Court judge David I. Brown Commits Legal and Prejudicial Errors so as to "Penalty Block" so that sanction's were not imposed when Defendant's and Defendant's Attorney's Failed to appear as Ordered on May 14th 2012 in Case 34-2009-0006129.

ECF No. 1, § IV. Although plaintiff appears to allege that defendants have applied section 2900.5 in a way that deprives him of his right to equal protection, his complaint fails to plead sufficient facts to state a proper claim for relief and must be dismissed with leave to amend. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.[1]

It appears from plaintiff's filings that he wants to amend or add to his complaint in a piecemeal fashion through separate filings. *See* ECF No. 6. That is not the proper procedure for amending a complaint. Plaintiff may not amend his by filing separate documents that are intended to be read together as a single complaint. If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself.

Plaintiff will be granted leave to file an amended complaint, but any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, that complaint shall

/////

---

[1] Accordingly, plaintiff's "motion for oral argument" is denied. Oral argument would not materially assist the court in screening plaintiff's complaint.

clearly set forth the claims and allegations against each defendant.  The amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. L.R. 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between

the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). *See also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Moreover, "the purpose of section 2900.5 is to ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." *Von Robinson v. Marshall*, 66 F.3d 249, 251 (9th Cir. 1995). Several courts have rejected equal protection challenges to § 2900.5 and other statutes governing conduct credits. *See, e.g., Robinson v. Marshall*, 66 F.3d 249, 250-51 (9th Cir. 1995) (rejecting equal protection challenge to § 2900.5); *Brown-Monroe v. McDonald*, No. CV 10-5076-MWF (RNB), 2012 U.S. Dist. LEXIS 175726, at *57-58 (C.D. Cal. Sept. 10, 2012) (holding that § 4019 does not offend the Equal Protection Clause).

In addition, the court notes that plaintiff may be attempting to challenge a state court's ruling through this civil rights action. However, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for oral argument (ECF No. 4) is denied as moot.
4. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 18, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE