UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY DUROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE PRISON, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1872-GEB-EFB P<br><br>ORDER AND RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint, a motion to amend,[1] a request for leave to proceed in forma pauperis,[2] a "motion for oral argument for relief for a reversal of conviction/sentencing," and a "motion to object courts judgment and notice to appeal ruling request for writ of coram nobis to be issued." The amended complaint is now before the court for screening.

/////

---

[1] Plaintiff filed a first amended complaint followed by a second amended complaint. *See* ECF Nos. 14, 19. In screening this action, the court looks exclusively to the most recently filed amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original). Accordingly, the motion to amend (ECF No. 18) is denied as moot.

[2] Because plaintiff already proceeds in forma pauperis (*see* ECF No. 9), this request is also denied as moot.

1

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff's second amended complaint fails to state a claim. The named defendants include California State Prison, Warden Fox, Former Governor Schwarzenegger, State Controller John Chiang, and Governor Brown. Plaintiff alleges that seventeen years ago a state court "wrongfully" imposed an order of restitution. ECF No. 19 at 1-3. He claims the defendants have "wrongfully accused" him of not paying the fines even though he does "not have the ability or resources to pay any restitution fine." *Id.* at 4, 5. He requests that this court "end the conviction and enforcement of the judgment." *Id.* at 5.

Like the original complaint, the second amended complaint fails to plead sufficient facts to state a proper claim for relief. The second amended complaint does not state a claim under § 1983, because it does not allege any violation of a federal constitutional or statutory right, *see West v. Atkins*, 487 U.S. 42, 48 (1988), *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), nor does it show with any specificity how any defendant personally participated in any violation of plaintiff's rights, *see Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Through this action, plaintiff is attempting to invalidate the state trial court's judgment imposing restitution. As this court explained in its initial screening order, however, plaintiff is barred from seeking such relief in this civil action:[3]

> [T]he court notes that plaintiff may be attempting to challenge a state court's ruling through this civil rights action. However, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust*

---

[3] Plaintiff's "motion to object courts judgment and notice to appeal ruling request for writ of coram nobis to be issued," which seeks this same unavailable relief, must also be denied. *See* ECF No. 20.

2

*Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

ECF No. 9 at 6. Because this court lacks jurisdiction to review or otherwise "end" the state court's judgment, this action must be dismissed. *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief.[4] Therefore, this action should be dismissed without further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 18) is denied as moot.

2. Plaintiff's "motion to object courts judgment and notice to appeal ruling request for writ of coram nobis to be issued" (ECF No. 20) is denied.

3. Plaintiff's "motion for oral argument for relief for a reversal of conviction/sentencing" (ECF No. 21) is denied.

---

[4] Accordingly, plaintiff's "motion for oral argument for relief for a reversal of conviction/sentencing" is denied. Oral argument would not materially assist the court in screening plaintiff's complaint.

3

4. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 22) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that the second amended complaint (ECF No. 19) be dismissed pursuant to 28 U.S.C. § 1915A and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE